UNITED STATES of America, Appellee

v.

Olga ECHERIVEL, Appellant.

No. 12–2964.

United States Court of Appeals, Eighth Circuit.

Submitted: March 21, 2013.

Filed: April 2, 2013.

Robert C. Sigler, U.S. Attorney's Office, Omaha, NE, for Appellee.

Olga Echerivel, Waseca, MN, pro se.

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

PER CURIAM.

Olga Echerivel is serving a 130–month sentence imposed after a jury found her guilty of conspiring to distribute methamphetamine. *See United States v. Echerivel*, 381 Fed.Appx. 628 (8th Cir.2010) (unpublished per curiam). She filed a 28 U.S.C. § 2255 motion claiming she was entitled to relief based on retroactive application of the Supreme Court's recent decisions in *Missouri v. Frye*, —— U.S. ——, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), and *Lafler v. Cooper*, —— U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), in which the Court acknowledged that defendants have a constitutional right to effective assistance of counsel that extends to the plea-bargaining process. Because Ms. Echerivel previously filed a section 2255 motion, the district court[1] properly dis-

---

1. The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

missed her motion as successive and filed without authorization. *See* 28 U.S.C. § 2255(h) (request to file successive § 2255 motion must be certified as provided in 28 U.S.C. § 2244); *Boyd v. United States,* 304 F.3d 813, 814 (8th Cir.2002) (per curiam) (district court should dismiss unauthorized successive § 2255 motion or, in its discretion, transfer motion to court of appeals). We further conclude that authorization is not warranted, as neither of the recent Supreme Court cases cited by Ms. Echerivel announced a new rule of constitutional law. *See Williams v. United States,* 705 F.3d 293, 294 (8th Cir.2013) (per curiam); *see also* 28 U.S.C. § 2255(h)(2) (court of appeals may authorize successive motion if claim relies on new rule of constitutional law, made retroactive to cases on collateral review by Supreme Court, that was previously unavailable).

Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.